**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVER ARTURO BELTRAN-NINO,

Defendant-Appellant.

No. 11-2020
(D.C. No. 2:10-CR-02487-JAP-2)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

After entering into a plea agreement that included an appeal waiver,

Ever Arturo Beltran-Nino pleaded guilty to transporting illegal aliens and to

aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II),

and (a)(1)(B)(i). The district court sentenced him to twelve months and one day

of imprisonment, at the low end of the advisory guidelines range. When he

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appealed, the United States moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Beltran-Nino argues that his appellate issue is outside the scope of the waiver and that the waiver was not knowing and voluntary. Because he does not challenge the miscarriage-of-justice factor, we need not consider it. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Mr. Beltran-Nino wishes to appeal the district court's application of Sentencing Guideline § 2L1.1(b)(6), which addresses "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." The appeal waiver broadly "waives the right to appeal . . . any sentence within the statutory maximum penalty authorized by law," Plea Agt. at 7, which in this case was ten years, *see* 8 U.S.C. § 1324(a)(1)(B)(i). Because he seeks to challenge a sentence that is well under the statutory maximum, the appeal is within the scope of the waiver.

The reason Mr. Beltran-Nino argues to the contrary, and also why he argues that the waiver was not knowing and voluntary, is rooted in the parties' negotiations. Despite discussing various sentencing factors, neither party foresaw

that the probation officer would suggest that the court apply § 2L1.1(b)(6).

Before this court, Mr. Beltran-Nino contends:

> It is fiction to contend that an appellant, believing he has addressed and satisfied all possible sentencing guideline factors in his plea agreement, knowingly and voluntarily waived his appellate rights when he did not know that a sentencing enhancement would be imposed that neither he nor the United States contemplated.

Resp. at 3.

*Hahn* specifically rejected the proposition that, because at the plea stage the defendant will not know what errors a district court might make later in the proceeding, a pre-sentencing waiver cannot be knowing and voluntary. 359 F.3d at 1326-27. *Hahn* also cautioned against "the logical failings of focusing on the result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is unknowing or involuntary." *Id.* at 1326 n.12. Thus, *Hahn* forecloses Mr. Beltran-Nino's argument that his waiver was not knowing and voluntary because he did not know how the court would apply the Guidelines. Although he urges us to overturn this aspect of *Hahn* and the cases following it, this panel is bound by the court's precedent absent an en banc reconsideration or a superseding decision by the Supreme Court. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

Moreover, Mr. Beltran-Nino's assertions of an unknowing and involuntary waiver contradict his representations during his plea colloquy. During the

colloquy, the magistrate judge addressed the possibility that Mr. Beltran-Nino

might receive a higher sentence than he anticipated:

> **THE COURT**:  Do you understand that the sentence the district judge gives you may be different than the sentence you've discussed with your lawyer?
> . . .
> **DEFENDANT BELTRAN-NINO**:  Yes.
> **THE COURT**:  Do you understand that it's possible you could receive the maximum sentence allowed under the law?
> . . .
> **DEFENDANT BELTRAN-NINO**:  Yes.
> **THE COURT**:  And even if you do, you're giving up your right to appeal and you're giving up your right to collaterally attack the sentence, except on the issue of ineffective assistance of counsel?
> . . .
> **DEFENDANT BELTRAN-NINO**:  Yes.

Mot. to Enforce, Attach. 1 (Plea Colloquy) at 11-12.  Accordingly, not only is the

argument legally precluded, but also it is unsupported by the record.

The motion to enforce the plea agreement is GRANTED and this appeal is

DISMISSED.

ENTERED FOR THE COURT
PER CURIAM